1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERAUCHI GOLSTON,                      No.  2:22-cv-0116 KJM AC P

12                      Petitioner,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   RON GODWIN,

15                      Respondent.

16

17        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.

19   I.    Petition

20        In 1999, petitioner was convicted of attempted first-degree murder and sentenced to

21   fifteen years to life in prison.  ECF No. 1 at 1.  He now challenges the September 30, 2020

22   decision by the Board of Parole Hearings (BPH) denying him parole.  Id. at 4-25.  He asserts that

23   his right to be free from cruel and unusual punishment under both the California and United

24   States Constitutions has been violated by the denial of parole, which rendered his sentence

25   unconstitutionally excessive.  Id.

26   II.   Discussion

27        Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts

28   requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition

1

1    and any attached exhibits that the petitioner is not entitled to relief in the district court."  As set

2    forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

3         As an initial matter, to the extent petitioner claims that his rights under the California

4    constitution have been violated, he fails to state a claim for relief.  A petitioner may seek federal

5    habeas relief from a state-court conviction or sentence "only on the ground that he is in custody in

6    violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

7    Similarly, any claim that the BPH violated state law by failing to give proper weight to his status

8    as a youth offender also fails to state a viable claim for relief.  "[I]t is not the province of a federal

9    habeas court to reexamine state-court determinations on state-law questions," Estelle v. McGuire,

10   502 U.S. 62, 67-68 (1991); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (habeas

11   relief "is unavailable for alleged error in the interpretation or application of state law"), and

12   matters relating solely to the interpretation or application of state law are not cognizable on

13   federal habeas review, Lewis v. Jeffers, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief

14   does not lie for errors of state law." (citations omitted)).  Accordingly, to the extent petitioner is

15   alleging that the state failed to follow or inappropriately applied state laws, his claims for relief

16   fail.

17        With respect to petitioner's claim that the denial of parole violated his rights under the

18   United States Constitution, the United States Supreme Court has overruled a line of Ninth Circuit

19   precedent that had supported habeas review of parole denials in California cases.  Swarthout v.

20   Cooke, 562 U.S. 216, 219 (2011).  The Supreme Court held that federal habeas jurisdiction does

21   not extend to review of the evidentiary basis for state parole decisions.  Id.  Because habeas relief

22   is not available for errors of state law, and because the Due Process Clause does not require

23   correct application of California's "some evidence" standard for denial of parole, federal courts

24   may not intervene in parole decisions as long as minimum procedural protections are provided.

25   Id. at 219-20.  The protection afforded by the federal Due Process Clause to California parole

26   decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v.

27   Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).  Cooke, 562 U.S. at

28   220.  Specifically, that petitioner was provided with "an opportunity to be heard and . . . a

2

1    statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).

2           The transcript attached to the petition makes clear that petitioner was present at the

3    hearing, represented by counsel, and provided a statement of the reasons parole was denied.  ECF

4    No. 1 at 29, 78-87.  "[T]he beginning and the end of the federal habeas courts' inquiry" is

5    whether petitioner received "the minimum procedures adequate for due-process protection."

6    Cooke, 562 U.S. at 220.  The Ninth Circuit has acknowledged that after Cooke, substantive

7    challenges to parole decisions are not cognizable in habeas.  Roberts v. Hartley, 640 F.3d 1042,

8    1046 (9th Cir. 2011).  It is indisputable that petitioner received all the process he was due, and his

9    challenge to the denial of parole is therefore not cognizable.

10          Finally, petitioner's contention that the failure to release him violates the Eighth

11   Amendment's prohibition of cruel and unusual punishment because his sentence has been

12   rendered excessive also fails to state a claim.  A criminal sentence that is "grossly

13   disproportionate" to the crime for which a defendant is convicted may violate the Eighth

14   Amendment.  Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271

15   (1980).  However, outside of the capital punishment context, the Eighth Amendment prohibits

16   only sentences that are extreme and grossly disproportionate to the crime.  United States v. Bland,

17   961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991)

18   (Kennedy, J., concurring)).  Such instances are "exceedingly rare" and occur in only "extreme"

19   cases.  Andrade, 538 U.S. at 73; Rummel, 445 U.S. at 272.  "A punishment within legislatively

20   mandated guidelines is presumptively valid."  United States v. Mejia–Mesa, 153 F.3d 925, 930

21   (9th Cir. 1998) (citing Rummel, 445 U.S. at 272).  "Generally, so long as the sentence imposed

22   does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds."

23   Id. (quoting United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).

24          The United States Supreme Court has held that a life sentence is constitutional, even for a

25   non-violent property crime.  See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the

26   possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of

27   obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to

28   ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the

1  possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine,

2  although it was his first felony offense).  Accordingly, a sentence of fifteen years to life for

3  attempted first-degree murder, such as was committed by petitioner, would not constitute cruel

4  and unusual punishment as a matter of law.

5      To the extent petitioner appears to suggest that Miller v. Alabama, 567 U.S. 460 (2012),

6  required the BPH to consider and grant parole based on his youth at the time of the offense (ECF

7  No. 1 at 13-14), such a claim provides no basis for relief.  Miller prohibits mandatory sentences

8  of life without parole for those under the age of eighteen at the time of their offense.  Petitioner

9  was over the age of eighteen[1] at the time of the offense and did not receive a sentence of life

10  without possibility of parole, mandatory or otherwise.

11      III.    Conclusion

12      For all these reasons, it is clear from the face of the petition that petitioner is not entitled

13  to relief.  Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for writ

14  of habeas corpus be DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases

15  in the United States District Courts.

16      These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

18  after being served with these findings and recommendations, petitioner may file written

19  objections with the court.  Such a document should be captioned "Objections to Magistrate

20  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections

21  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

22  Ylst, 951 F.2d 1153 (9th Cir. 1991).

23      If petitioner files objections, he may also address whether a certificate of appealability

24  should issue and, if so, why and as to which issues.  Pursuant to Rule 11 of the Federal Rules

25  Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it

26  enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the

27

28

---

[1]  Petitioner states in his petition that he was twenty-three years old (ECF No. 1 at 4), but other records attached to the petition indicate he was twenty-four years old (id. at 36, 112).

4

1  applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

2  § 2253(c)(2).

3  DATED: October 19, 2022

4

5  ALLISON CLAIRE
   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28